James J. Rufo, Esq.
The Law Office of James J. Rufo
*Attorney for the Debtor*
1133 Westchester Avenue, Suite N-202
White Plains, NY 10604
(914) 600-7161
jrufo@jamesrufolaw.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| 6 TURTLE KNOLL, LLC, | CASE NO. 22-35095 (CGM) |
| DEBTOR | |

-----------------------------------------------------------X

**DEBTOR'S APPLICATION FOR APPROVAL OF THE SALE OF DEBTOR'S RIGHT, TITLE, AND INTEREST IN ITS PROPERTY FREE AND CLEAR OF ALL CLAIMS PURSUANT TO 11 U.S.C. § 363(b) AND (f)**

**TO:    THE HONORABLE CECELIA G. MORRIS**
**        UNITED STATES BANKRUPTCY JUDGE**

The application of the debtor and debtor-in-possession 6 Turtle Knoll, LLC by and through its attorney The Law Office of James J. Rufo for approval of the sale of the Debtor's right, title and interest in its real property located at 6 Turtle Knoll, Monroe, NY 10950, free and clear of all claims pursuant to 11 U.S.C §§ 363(b) and (f) in accordance with the terms of the contract of sale annexed hereto as **Exhibit "A"**, and respectfully sets forth and alleges as follows:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

**BACKGROUND, ASSETS AND LIABILITIES**

3.      On February 22, 2022, (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

4. The Debtor has continued in possession of its property and the management of its business affairs as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

5. The Debtor's primary asset consists of the real property located at 6 Turtle Knoll, Monroe, NY 10950 (the "Property").

6. Prior to the Petition Date, the Property was encumbered by a first mortgage lien held Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as Owner Trustee of VFS Nepenthe Trust serviced by BSI Financial Services ("BSI").

7. Prior to the Petition Date, the BSI obtained a judgment of foreclosure and sale against the Property in the amount of $463,439.42.

8. Prior to the Petition Date, the Property was encumbered by a property tax lien held by the County of Orange, State of New York for unpaid real property taxes for 2021 in the amount of $18,929.62. (See Claim No. 1 filed in this Court's claims register).

9. On or about April 22, 2022, BSI filed a proof of claim, as a secured claim, Claim No. 2 in the amount of $491,930.17. (See BSI's Claim No. 2 in this Court's claims register).

## THE PROPOSED SALE OF THE PREMISES

10. The Debtor has entered into an agreement to sell the Property to Joel Levi, and/or his assigns provided Joel Levi is a majority shareholder (the "Purchaser"). There is no relationship between Debtor and the Purchaser.

11. The principal terms to the Contract of Sale (the "Contract") are as follows: (i) the asset transferred consists of the Property described above; (ii) the purchase price is $1,500,000.00 to be paid as follows: $150,000.00 deposit with the remaining balance of $1,350,000.00 to be paid at closing; (iii) the Debtor, is not related to the Purchaser, and (iv) any proceeds left over after payment of the first mortgage shall be paid to the liens of the Debtor's creditors in the same amount, priority, and validity existing as of the Petition Date. (See **Exhibit A**).

12. The Sale will be the source of funding the Debtor's chapter 11 plan and provide for payment in full of the Debtor's secured creditors.

13. Therefore, by application, the Debtor seeks an order from this Court (i) authorizing the sale of the Property to the Purchasers to the terms set forth in the Contract; and (ii) authorizing the payment of secured debt and closing costs.

### JURISDICTION AND LEGAL ANALYSIS

14. This Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and 134 and the "Standing Order of Referral of Cases to Bankruptcy Judges" dated July 10, 1984 (Ward, Acting C.J.). The statutory predicates for the relief sought herein are Sections 105 and 363 of the Bankruptcy Code, Rule of the Federal Rules of Bankruptcy Procedure, and the Local Rules for the United States Bankruptcy Court for the Southern District of New York.

15. Pursuant to section 541(a) of the Bankruptcy Code, upon the filing of the Debtor's Chapter 13 petition, the Property became property of their estate in bankruptcy.

16. Section 363(b)(1) of the Bankruptcy Code provides that, after notice and a hearing, a Debtor may sell property of the estate other than in the ordinary course of business.

17. The standard for determining whether a sale outside the ordinary course of business should be approved is whether the sale is in the best interests of the estate. *Committee of Equity Security Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1071 (2d Cir. 1983); *In re Jonosphere Clubs*, 100 B.R. 670, 674-75 (Bankr. SDNY 1989). Indeed, there must be some articulated business justification for the sale. *Lionel* at 1070.

18. In making this determination, a court should consider, among other factors, the amount of time elapsed since the petition was filed, the proceeds to be obtained from the disposition compared to appraisals of the property, whether the assets were increasing or decreasing in value, and whether parties opposing the sale produced evidence that the sale was not justified. *In re Thomas McKinnon Sec., Inc.*, 120 Bankr. 301, 308 (Bankr. SDNY 1990).

3

19. If a court finds sufficient business reason for the transaction, it must then decide whether (i) notice has been given to all creditors and interested parties; (ii) the purchaser is proceeding in good faith; and (iii) the sale contemplates a fair and reasonable price. *In re Delaware & Hudson Ry. Co.*, 124 Bankr. 169, 176 (D. Del. 1991).

20. In applying the foregoing factors to the instant case, the proposed sale is in the best interests of the Debtor's estate and the creditors therein.

21. First, the Debtor filed the instant bankruptcy on February 22, 2022. Second, the proposed sale is for an amount that is greater than the market value of the Property when taking into consideration the cost of repairs to the Property. Third, the proposed sale price will provide for payment in full of all of the Debtor's creditors.

22. Moreover, the Debtor does not have the time or financial resources to invest in the Property; therefore, the value of the asset/Property is decreasing in value. Section 363(f) of the Bankruptcy Code permits a Debtor to sell property of the bankruptcy estate free and clear of all liens and encumbrances, only if: (a) applicable non-bankruptcy law would permit such a sale; (b) the entity holding the lien consents; (c) the interest is a lien and the sales price exceeds the aggregate value of all liens; (d) the interest is in bona fide dispute; or (e) the entity holding the lien could be compelled in a legal or equitable proceeding to accept money in satisfaction of its interest.

23. In the instant action, the Property is encumbered by a first mortgage lien held by BSI, and sales price exceeds the value of BSI's lien, and the value of Orange County's property tax lien.

24. There is some divide between the courts as to the meaning of the phrase in 363(f)(3) "greater than the aggregate value of all liens on such property." Some courts have interpreted the language in 363(f)(3) to mean that the sale price must be higher than the face

4

value of the liens, while other courts have interpreted the language in 363(f)(3) to mean the "economic value" of the liens based upon the current value of the property.

25.     The Debtor proposes that the line of cases that interpret the language in 363(f)(3) to mean the economic value of the liens, is the more logical reading of the statute. Section 363(f)(3) "should be interpreted to mean that the price must be equal to or greater than the aggregate value of the liens asserted against it, not their amount. The "value" of a lien is to be determined by reference to section 506(a) — that is, it is the amount by which the lienholder's claim is actually secured." *In re Boston Generating, LLC*, 440 B.R.302, 332 (Bankr. S.D.N.Y. 2010) citing *In re Beker Industries Corp.*, 63 B.R. 474, 475 (Bankr. S.D.N.Y. 1986).

26.     As summarized by one recent bankruptcy court opinion, if the language "the value of all liens" in 363(f)(3) meant the face value of all liens, subsection 363(f)(3) would be rendered meaningless. "First, Section 363(f)(3) talks about the "value" of the liens, not the amount of the liens. Secondly, if Section 363(f)(3) were held to require payment in full of the face amount of all liens, there would seem to be little reason for the provision. A sale which results in the payment in full of the liens, of course, is free and clear of them." I*n re Bay Circle Props.*, 2017 Bankr. LEXIS 438 *9 (Bankr. N.D. Ga. Feb. 14, 2017). The dictionary defines "value" as "the monetary worth of something: market price" "value." Merriam-Webster Online Dictionary. 2019. http://www.merriam-webster.com  (11 March 2019).

27.     Furthermore, interpreting the "aggregate value of all liens" to mean the "economic value" of the liens is consistent with the interpretations provided to unsecured liens under other sections of the bankruptcy code. See *In re Rifkin*, 124 B.R. 626, 629 (Bankr. E.D.N.Y. 2011) (J. Duberstein) ("This Court is of the opinion that the view adopted by a majority of the jurisdictions is correct and that the unsecured portion of an undersecured debt should be included in the § 109(e) determination."); *In re Wimmer*, 512 B.R. 498, 510 (Bankr. S.D.N.Y. 2014) (J. Morris) quoting *In re Scovis*, 249 F. 3d 975, 983 (9th Cir. 2001) ("Through

5

the inclusion of a § 506(a) analysis to define "secured" and "unsecured" in the § 109(e) context, a vast majority of courts, and all circuit courts that have considered the issue, have held that the unsecured portion of undersecured debt is counted as unsecured for § 109(e) eligibility purposes.")

28. The line of cases that interpret the term "aggregate value" in 363(f)(3) to mean the "face value of the liens", are based largely on the argument that "[i]f the "aggregate value of all liens" means the total amount of allowed secured claims as used in 11 U.S.C. § 506(a), "then [§363(f)(3)] could never be used to authorize a sale free and clear in circumstances …. when the claims exceed the value of the collateral that secures them. In such cases, the amount of allowed secured claims will only ever equal the sale price." *In re Flour City Bagels, LLC*, 557 B.R. 53, 88 (Bankr. W.D.N.Y. 2016).

29. It is submitted that the proposed sale satisfies Section 363(f) in that it is consistent with subsection (a) applicable non-bankruptcy law would permit such a sale; and (c) the purchase price is sufficient to satisfy the full value of the lien held by BSI as per the terms of the Contract, and (e) the entity holding the lien could be compelled in a legal or equitable proceeding to accept money in satisfaction of its interest.

30. Notice and a copy of this Application have been served on all parties in interest and their attorneys, if known (including the Office of the United States Trustee, counsel for the Purchasers, and all creditors). It is respectfully submitted that such service is appropriate under the circumstances.

31. Because the facts and circumstances set forth herein do not present novel issues of law, it is respectfully requested that this Court waive the requirement of the filing of a memorandum of law.

**WHEREFORE**, it is respectfully requested that the Court grant the relief requested herein and all such other and further relief as the Court deems just and proper.

Dated: White Plains, New York
October 16, 2022

Respectfully submitted,

*/s/ James J. Rufo*
James J. Rufo, Esq.
The Law Office of James J. Rufo
*Attorney for the Debtor*
1133 Westchester Avenue, Suite N-202
White Plains, NY 10604
(914) 600-7161
jrufo@jamesrufolaw.com