UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| 6 TURTLE KNOLL, LLC, | CASE NO. 22-35095 (CGM) |
| DEBTOR | |

-----------------------------------------------------------X

**ORDER APPROVING THE SALE OF THE DEBTOR'S RIGHT, TITLE AND INTEREST IN HIS PROPERTY FREE AND CLEAR OF ALL CLAIMS PURSUANT TO U.S.C. § 363(b) AND (f)**

Upon the motion, dated October 16, 2022, (the "Motion"), of the above debtor and debtor-in-possession 6 Turtle Knoll, LLC (the "Debtor"), for an order approving the sale of Debtor's right, title and interest in the property located at 6 Turtle Knoll, Monroe, NY 10950 (the "Property") pursuant to the terms of the Contract of Sale, a copy of which is attached to the hereto as **Exhibit "A"** to Joel Levi, and/or his assigns provided Joel Levi is a majority shareholder, as such entity's rights may be assigned under the Sale Contract, the "Purchaser"), free and clear of all liens, claims, encumbrances and interests therein post confirmation and thereon of whatever kind or nature except as expressly provided in the Sale Contract ("Liens and Claims"), pursuant to 11 U.S.C. § 363(b) and (f); and there being due and sufficient notice of the Motion, including on the known holders of Liens and Claims, including Wilmington Savings Fund Society, FSB, not in its Individual Capacity, but Solely as Owner Trustee of VFS Nepenthe Trust c/o BSI Financial Services (the "Creditor") as the holder of a first mortgage lien on the Property; and on the record at the hearing held by the Court on the Motion on _____ at 9:00 A.M., at which counsel for the Debtor, counsel for the Creditor, and counsel for the United States Trustee appeared; and, after due deliberation and for the reasons stated by the Court having determined (a) that the proposed sale is a prudent exercise of business judgment that will relieve the Debtor and his estate of material carrying costs with respect to the Property, (b) the sale price constitutes a fair and reasonable market price for the Property, (c) the proposed sale is at arms-length, and, if the Purchaser closes on the Sale Contract, it will be entitled to the

protections of 11 U.S.C. § 363(m), (b) the Debtor has satisfied one or more of the grounds for the sale to be free and clear of Liens and Claims under 11 U.S.C. § 363(f); now, therefore, good and sufficient cause appearing, it is hereby

**ORDERED**, that the Motion is granted and the Debtor's sale of the Property to the Purchaser under the terms of the Sale Contract is approved under 11 U.S.C. § 363(b); and it is further,

**ORDERED**, that the foregoing sale of the Property shall be free and clear of Liens and Claims, with all Liens and Claims to attach to the sale proceeds in the same amount and priority, with the same validity and enforceability, and subject to the same defenses as existed immediately before the closing of the sale; and it is further,

**ORDERED**, that at the closing of the foregoing sale, the Debtor is authorized and directed to pay from the sale proceeds, in the following order: (a) the reasonable and necessary costs of closing, (b) the debt secured by Wilmington Savings Fund Society, FSB, not in its Individual Capacity, but Solely as Owner Trustee of VFS Nepenthe Trust c/o BSI Financial Services first mortgage lien on the Property, (c) any proceeds left over after payment of the first mortgage shall be paid to the liens of the Debtor's creditors in the same amount, priority, and validity existing as of the Petition Date; _provided_, that to the extent that any of the foregoing payments are the subject of reasonable dispute, the amount in dispute shall be placed and held in an attorneys' escrow account (and such payment shall constitute payment for title insurance purposes), subject to subsequent agreement by the parties or resolution by this Court; and it is further,

**ORDERED**, that on or before ten (10) days after the closing of the foregoing sale, counsel for the Debtor shall cause a closing report, detailing the payments made at the closing, to be filed on the docket of this case; and it is further,

2

**ORDERED**, that the 14-day stay of this Order under Fed. R. Bankr. P. 6004(h) is waived, for cause, and this Order is effective immediately upon its entry.